UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED SPECIALTY INSURANCE COMPANY,

                                  Plaintiff,                  **AMENDED COMPLAINT**

    vs.                                                    Case No.:  15cv2802-LTS-JCF

FISK FINE ART SERVICES, LLC and
AIG PROPERTY CASUALTY COMPANY
formerly known as CHARTIS PROPERTY CASUALTY
COMPANY as subrogee of STEPHEN ROBERT,

                                  Defendants.

---

        Plaintiff, UNITED SPECIALTY INSURANCE COMPANY, by and through its attorneys, HURWITZ & FINE, P.C., as and for its Complaint herein, alleges, upon information and belief, as follows:

        1.      Now and at all times hereinafter mentioned, Plaintiff, UNITED SPECIALTY INSURANCE COMPANY ("UNITED"), was and still is incorporated in the State of Delaware with its principal place of business in the State of Texas, and issues insurance policies under the laws of the State of New York.

        2.      Upon information and belief, Defendant, FISK FINE ART SERVICES, LLC ("FISK"), was and is a domestic limited liability company organized under the laws of the State of New York with its offices and principal place of business in the Borough of Brooklyn, County of Kings and City and State of New York.

        3.      Upon information and belief, Defendant, FISK FINE ART SERVICES, LLC is a single member domestic limited liability company.

        4.      Upon information and belief, Noah Fisk, is the sole member of FISK.

1

5. Upon information and belief, Noah Fisk is a resident of the County of Kings in the State of New York.

6. Upon information and belief, Defendant, AIG PROPERTY CASUALTY COMPANY formerly known as CHARTIS PROPERTY CASUALTY COMPANY as subrogee of STEPHEN ROBERT ("AIG") was and is a foreign insurance company organized and existing under the laws of the State of Delaware with is principal place of business in the City and State of New York.

7. The amount in controversy exclusive of interests and costs exceeds Seventy-five Thousand and 00/100 Dollars ($75,000.00).

8. The District Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), based upon the parties' diversity of citizenship and its monetary threshold.

9. Defendant AIG is added as a nominal party to the litigation so that complete relief can be afforded to all parties interested in the outcome of this action.

10. Upon information and belief, on or about October 2, 2012, the Defendant FISK, through its President, Noah Fisk, and through its agent, Bobby Petsiavis, applied for a policy of Commercial Lines Insurance Artisans Contractors Insurance to be effective from October 5, 2012 to October 5, 2013 by completing an application (the "APPLICATION").

11. Upon information and belief, the Defendant FISK reviewed, completed and signed the APPLICATION, which APPLICATION contained the following language:

> **ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON, FILES AN APPLICATION FOR INSURANCE OF STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSES OF MISLEADING,**

**INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME, AND SUBJECTS THE PERSON TO CRIMINAL AND … SUBSTANTIAL CIVIL PENALITES AND … INSURANCE BENEFITS MAY ALSO BE DENIED**

12. Upon information and belief, the Defendant FISK knew and understood that its answers to the questions posed on the APPLICATION and its representations and statements, would be reviewed, considered and relied upon by the Plaintiff UNITED when considering whether or not to issue a policy of insurance in response to the APPLICATION.

13. The APPLICATION requested that the Defendant FISK provide information to the Plaintiff UNITED with certain critical information necessary for Plaintiff UNITED to determine whether or not Plaintiff UNITED would issue a policy of Commercial Lines Insurance to the Defendant FISK.

14. In the APPLICATION, Defendant FISK represented that it was in the business of "fine arts delivery".

15. In fact, Defendant FISK was also in the business of art installation.

16. In the APPLICATION, Defendant FISK was asked:

   1. DOES APPLICANT INSTALL, SERVICE OR DEMONSTRATE PRODUCTS?

17. In response to the question, Defendant FISK answered "NO".

18. In fact, that answer was false and a misrepresentation of the work performed by Defendant FISK.

19. Based on these representations, Plaintiff UNITED issued to Defendant FISK, a policy of Commercial Lines Insurance, Policy Number CCP 775608 which was

subsequently renewed as Policy No. USA4009944, which renewal was in effect from October 16, 2013 to October 16, 2014 ("Policy").

20. Upon information and belief, on or about December 18, 2013, Defendant FISK was retained by Gladstone Gallery to install and did install an Anish Kapoor sculpture in the entrance foyer of Stephen Robert's apartment located at 2 East 7th Street, Apt. 12P in the City and State of New York.

21. Upon information and belief, on or about April 22, 2014, the sculpture so installed, fell off the wall, causing damage to the sculpture.

22. Upon information and belief, Stephen Robert made a first party insurance claim to the Defendant AIG under a policy of insurance issued by AIG to Stephen Robert.

23. Upon information and belief, Defendant AIG adjusted the claim for $614,818.53 and paid Stephen Robert that amount, thereby becoming subrogated to the claim.

24. Defendant AIG has now commenced a subrogation action against Defendant FISK in the New York State Supreme Court, County of New York, under Index No. 161770/14, seeking to recover $614,818.53 ("Underlying Action").

25. Defendant FISK requested that Plaintiff UNITED defend and indemnify it in the Underlying Action, and Plaintiff UNITED assigned counsel to represent Defendant FISK in the Underlying Action.

26. Following the request for coverage under the Policy, Plaintiff UNITED concluded the representations enumerated in paragraphs "12" and "14" above were, in fact, false and material misrepresentations, and these misrepresentations were designed to induce Plaintiff UNITED to issue the Policy.

27. Had UNITED been aware of the truthfulness of the misrepresentations, it would not have underwritten and issued the Policy.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS,
### THE PLAINTIFF UNITED ALLEGES:

28. Upon information and belief, at the time the APPLICATION was completed by the Defendant FISK, Defendant FISK was aware that, in fact, the representations set forth in the APPLICATION were false and misleading and designed to induce Plaintiff UNITED to issue the Policy.

29. Plaintiff UNITED relied on the statements and representations made by the Defendant FISK in its APPLICATION in determining whether to issue the POLICY.

30. Had the Defendant FISK provided accurate and complete answers to the questions on the APPLICATION, Plaintiff UNITED would not have issued the POLICY.

31. Accordingly, the POLICY should not have been issued and was void *ab initio*.

32. The Plaintiff UNITED will tender back the premium collected for this POLICY to the Defendant FISK.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANTS,
### THE PLAINTIFF UNITED ALLEGES:

33. The Plaintiff UNITED repeats and realleges each and every allegation in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34. **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** of the Policy, form CG 00 01 12 07, provided as follows:

> **6.** **Representations**
>
> By accepting this policy, you agree:

      **a.**    The statements in the Declarations are accurate and complete;

      **b.**    Those statements are based upon representations you made to us;

      **c.**    We have issued this policy in reliance upon your representations.

35. Upon information and belief, the statements in the Declarations relating to the business of the Defendant FISK, to wit, that it was in the business of Fine Arts Delivery, were not accurate and complete, those statements were based upon representations made by Defendant FISK, and the Policy was issued in reliance upon those representations.

36. Accordingly, Defendant FISK has breached the Policy.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS, THE PLAINTIFF UNITED ALLEGES:

37. The Plaintiff UNITED repeats and realleges each and every allegation in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, COMMERCIAL LIABLITY CONDITIONS** of the Policy, form CG 00 01 12 07, as modified by the **AMENDMENT OF YOUR WORK DEFINITION**, form CGL 1731 1111, provided as follows:

    **2.**    **Exclusions**

    This insurance does not apply to:

    \* \* \*

    **j.**    **Damage to Property**

    "Property damage" to:

    \* \* \*

    **(6)**    That particular part of any property that must be restored, repaired or

> replaced because "your work" was incorrectly performed on it.

* * *

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY**

**AMENDMENT OF YOUR WORK DEFINITION**

This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Paragraph **22.,** York Work, of the Definitions Section is deleted in its entirety and replaced by the following:

**22.** "Your work":
    **a.** Means:
        **(1)** Work or operations performed by you or on your behalf;
        **(2)** Materials, parts or equipment furnished in connection with such work or operations; and
    **b.** Includes:
        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work";
        **(2)** The providing of or failure to provide warnings or instructions; and
        **(3)** Workmanship.

All other terms and conditions of this policy remain unchanged.

39. Upon information and belief, the damage to the sculpture above described is excluded from coverage under the provisions of Exclusion "j" in the Policy.

**AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST THE DEFENDANTS,
THE PLAINTIFF UNITED ALLEGES:**

40. The Plaintiff UNITED repeats and realleges each and every allegation in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. The **CLASSIFICATION LIMITATION ENDORSMENT** contained in the Policy, form CGL 1711b 0911, provided as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**
>
> **CLASSIFICATION LIMITATION ENDORSEMENT**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> **A.** The following condition is added to Section **IV** – Commercial General Liability Conditions:
>
> **Classification Limitation**
>
> Coverage under this contract is strictly limited to the classification(s), and code(s), listed on the Commercial General Liability Coverage Declarations page and its endorsements or supplements.
>
> No coverage is provided for operations not included within the classification shown on the Commercial General Liability Declarations, its endorsements or supplements for "bodily injury", "property damage", "personal and advertising injury" or medical payments.
>
> This limitation does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical expenses resulting from necessary and incidental operations that are directly related to the operations shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements…

42. The Classification for the Policy was "Truckers" and the code for the Policy was 99793 which is the classification for Truckers/Delivery.

43. Installation of art work was an operation not included within the classification shown on the Commercial General Liability Declarations policy, its endorsements or supplements for "property damage".

8

44. Accordingly, there is no coverage under the Policy for the claims arising out of the installation of the sculpture as above described.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS, THE PLAINTIFF UNITED ALLEGES:

45. The Plaintiff UNITED repeats and realleges each and every allegation in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. If it is determined that Defendant FISK is not entitled to defense or indemnity under the Policy, or if the Policy is rescinded, Plaintiff UNITED is entitled to recoupment and reimbursement of any expenses incurred in the defense of Defendant FISK in the Underlying Action.

**WHEREFORE**, Plaintiff, UNITED SPECIALTY INSURANCE COMPANY, demands judgment as follows:

1. Declaring, Adjudging and Decreeing that the POLICY issued by the Plaintiff UNITED to the Defendant FISK is rescinded and void *ab initio*; and

2. Declaring, Adjudging and Decreeing that Plaintiff UNITED has no obligation to defend or indemnify any lawsuits, or process or adjust any claims presented under the POLICY;

3. Recoupment and reimbursement of any costs and expenses incurred in the defense of the Underlying Action;

4. That UNITED SPECIALTY INSURANCE COMPANY be granted such other and further relief as to this Court may deem just, proper and equitable, together with the costs and disbursements of this action.

DATED: Buffalo, New York
May 8, 2015

HURWITZ & FINE, P.C.

By: */s/ Cassandra A. Kazukenus*

Cassandra A. Kazukenus, Esq. (648892)
*Attorneys for Plaintiff,*
*UNITED SPECIALTY INSURANCE COMPANY*
424 Main Street
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900
cak@hurwitzfine.com