UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

  -v-                                                      No. 15CV2802-LTS-JCF

FISK FINE ART SERVICES, LLC, et al.

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Plaintiff United Specialty Insurance Company ("United Specialty" or "Plaintiff") alleges that Fisk Fine Art Services, LLC ("Fisk" or "Defendant") made misrepresentations in its application for insurance and otherwise breached the terms of an insurance policy issued to Fisk by United Specialty. United Specialty seeks a declaration that the policy is rescinded and that United Specialty has no obligation to defend or indemnify any lawsuits or adjust any claims presented under the policy. Fisk has asserted two counterclaims against United Specialty and several affirmative defenses.

        United Specialty now moves to dismiss Fisk's Second Counterclaim and to strike Fisk's Ninth Affirmative Defense, both of which are based on allegations that United Specialty acted in bad faith. United Specialty also moves for sanctions against Fisk's counsel, Jean Claude Mazzola, for asserting the Second Counterclaim and Ninth Affirmative Defense. In opposing United Specialty's motion to dismiss, Fisk argues, inter alia, that this Court lacks subject matter jurisdiction of the case.

The Court has carefully considered all of the papers submitted by the parties. For the reasons stated below, the Court concludes that it has jurisdiction of this action pursuant to 28 U.S.C. § 1332. The Court grants United Specialty's motion to dismiss the Second Counterclaim, denies United Specialty's motion to strike the Ninth Affirmative Defense, and denies United Specialty's motion for sanctions against Mazzola.

BACKGROUND

A brief summary of facts relevant to this motion practice, drawn from the allegations contained in the operative complaint, follows.

United Specialty's Amended Complaint alleges that United Specialty was and still is incorporated in the State of Delaware with its principal place of business in the State of Texas. (Am. Compl. ¶ 1.) Fisk was and is a single-member domestic limited liability company organized under the law of the State of New York with its offices and principal place of business located in New York. (Id. ¶¶ 2-3.) Noah Fisk is the sole member of Fisk, and is a resident of New York. (Id. ¶ 4.) AIG Property Casualty Company ("AIG"), f/k/a Chartis Property Casualty Company, was and is a foreign insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in the New York. (Id. ¶ 6.) The Amended Complaint asserts that "Defendant AIG is added as a nominal party to the litigation so that complete relief can be afforded to all parties in the outcome of this action." (Id. ¶ 9.)

On or about October 2, 2012, Fisk, through its President, Noah Fisk, applied to United Specialty for a policy of Commercial Lines Insurance Artisans Contractors Insurance, to be effective from October 5, 2012, to October 5, 2013, by completing an application (the "Application"). (Id. ¶ 10.) The Application contained language stating that anyone who files an

application containing materially false or misleading information commits a fraudulent insurance act subject to civil and criminal penalties, and that insurance benefits may also be denied.  (Id. ¶ 11.)  In the Application, Fisk represented that it was in the business of "fine arts delivery."  (Id. ¶ 14.)  Fisk, which was also allegedly in the business of art installation, answered "no" on the Application to the question "[d]oes applicant install, service or demonstrate products?"  (Id. ¶ 15-17.)  United Specialty alleges that the answer was false and a misrepresentation of the work performed by Fisk.  (Id. ¶ 18.)  On the basis of Fisk's representations in the Application, United Specialty issued to Fisk a policy of Commercial Lines Insurance, Policy Number CCP 775608, subsequently renewed as Policy No. USA4009944, which was in effect from October 16, 2013 to October 16, 2014 (the "Policy").

On or about December 18, 2013, Fisk was retained by the Gladstone Gallery to install, and did install, an Anish Kapoor sculpture in the entrance foyer of Stephen Robert's apartment located at 2 East 7th Street, Apt. 12P, in New York, New York.  (Id. ¶ 20.)  On or about April 22, 2014, the installed sculpture fell off the wall, causing damage to the sculpture.  (Id. ¶ 21.)

Stephen Robert made a first party insurance claim to AIG under a policy of insurance issued to him by AIG.  (Id. ¶ 22.)  AIG adjusted the claim for $614,818.53 and paid Stephen Robert that amount, thereby becoming subrogated to the claim.  (Id. ¶ 23.)  AIG commenced a subrogation action against Fisk in New York State Supreme Court, County of New York, under Index No. 161770/14, seeking to recover $614,818.53 (the "Underlying Action").  (Id. ¶ 24.)  Fisk requested that United Specialty defend and indemnify it in the Underlying Action, and United Specialty assigned counsel to represent Fisk in the Underlying Action.  (Id. ¶ 25.)  Following the request for coverage under the Policy, United Specialty

concluded that Fisk had made misrepresentations designed to induce United Specialty to issue the Policy, which United Specialty would not otherwise have issued.  (Id. ¶ 26.)  United Specialty seeks a declaration that the Policy is rescinded, and a declaration that it is not obligated under the Policy to indemnify Fisk for any lawsuits or process or adjust any claims presented under the Policy.

Fisk, in his Answer, raised several affirmative defenses, including the Ninth Affirmative Defense, which states, in its entirety, "Plaintiff has acted in bad faith and is thus barred from recovery."  (Ans. and Counterclaims ¶ 58.)

Fisk also brought two Counterclaims against United Specialty.  The First Counterclaim is a breach of contract claim based on the written Policy.  Fisk alleges that it is entitled to coverage under the Policy (id. ¶ 74), that United Specialty and/or its agents failed to perform their duties under the Policy (id. ¶ 82), and that, as a result of those breaches, Fisk has suffered and continues to suffer damages (id. ¶ 84.)  The Second Counterclaim is also a breach of contract claim, but includes an allegation of "bad faith" on the part of United Specialty.  Fisk alleges that it was party to a contract with United Specialty, under which Fisk reasonably expected that United Specialty would defend Fisk against claims brought against it (id. ¶ 86), and that United Specialty has acted in bad faith by unreasonably denying Fisk a defense against the AIG subrogation claim (id. ¶ 87.)  Fisk specifically alleges that "United and/or its agents consciously and deliberately engaged in dishonest and deceitful conduct that injured Defendant's right to a defense by deliberately utilizing ambiguous language on its Insurance Application for the purpose of retaining the ability to challenge the Defendant's responses."  (Id. ¶ 88.)  Fisk alleges that, as a result of United Specialty and/or its agent's breaches of its obligations under the Policy, Fisk has suffered and continues to suffer damages.  (Id. ¶ 99.)  For relief in respect of its

counterclaims, Fisk seeks the dismissal of the Amended Complaint, an award of all costs, including attorney's fees, and any other relief that the Court deems "just, proper, and equitable." (Id. ¶ 100.)

## DISCUSSION

Subject Matter Jurisdiction

Fisk, in its opposition papers to United Specialty's motion to dismiss, argues that the Court does not have subject matter jurisdiction of this case. It is undisputed that United Specialty is a citizen of both Delaware and Texas; that Fisk is a citizen of New York; and that AIG is a citizen of Delaware and New York. Therefore, if AIG's citizenship were to be considered as part of the diversity analysis under 28 U.S.C. Section 1332(a)(1), the requisite complete diversity would be lacking and the Court would not have subject matter jurisdiction to hear the case.

There is, however, a well-established rule that, for the purposes of determining whether there is complete diversity, the citizenship of nominal parties is disregarded. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). "A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf, as the case may be. This is determined with reference to substantive law of the state where the federal court sits." Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981) (citations omitted).

Here, it is clear that AIG is a nominal party against which, based on the Amended Complaint, there is no possibility that a claim could be asserted by Plaintiff. The Amended Complaint seeks a declaratory judgment as to the nature of the contractual relationship between United Speciality and Fisk under the Policy. There is no allegation in the Amended Complaint,

nor any proffer by Fisk, indicating that AIG is a party to the insurance contract between United Specialty and Fisk. On the contrary, AIG is allegedly involved in a subrogation action against Fisk, based on a separate insurance policy issued by AIG to Stephen Robert, a non-party, whose sculpture was damaged, allegedly by Fisk's actions. (Am. Compl. ¶¶ 20-24.) The outcome of the dispute between United Specialty and Fisk will not affect the nature of the legal relationship between AIG and Fisk nor the availability or amount of AIG's subrogation claim against Fisk. Fisk's argument that "[a]bsent coverage from United, AIG may lose the ability to recover from Fisk in the event it prevails in the underlying action" is purely speculative, and has no bearing on whether United Speciality, as Plaintiff, has a legal claim against AIG (or AIG against United Specialty). See, e.g., Lewis Morris Associates v. Admiral Ins. Co., No. 04 CV 1757, 2004 WL 1065522, at *1 (S.D.N.Y. May 11, 2004) (in declaratory judgment action by a landlord against his insurance company for coverage in defending separate negligence suit by a tenant, the tenant is a nominal party). Fisk's argument that AIG is a necessary party is also unavailing, because the determination of the action does not affect a legally cognizable interest or claim of AIG. See Fed. R. Civ. P. 19(a).

Because AIG is a nominal party, the Court disregards its citizenship for the purposes of determining diversity jurisdiction. There is complete diversity between United Specialty, which is a citizen of Delaware and Texas, and Fisk, who is a citizen of New York. This Court, accordingly, has subject matter jurisdiction of the case pursuant to 28 U.S.C. § 1332.

United Speciality's Motion to Dismiss Fisk's Second Counterclaim

United Speciality seeks dismissal of Fisk's Second Counterclaim, for breach of contract on the basis of bad faith, as duplicative of Fisk's First Counterclaim for breach of

contract because the Second Counterclaim does not state a claim based on an independent tortious act such as fraud.

It is well established that, under New York law, "parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002) (internal quotation marks and citation omitted). "[W]hen a complaint alleges both a breach of contract and breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013) (citation omitted); see also Woodhams v. Allstate Fire and Cas. Co., 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010), aff'd, 453 Fed. App'x 108 (2d Cir. 2012) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based on the same facts, is also pled, nor does it recognize an independent cause of action for bad faith denial of insurance coverage." (internal quotation marks and citation omitted)).

Fisk does not dispute that it has not stated a counterclaim for an independent tort. Rather, in opposing dismissal of the Second Counterclaim, Fisk points to a small number of New York state court decisions that suggest that there may be a cause of action for extra-contractual damages where an insurer refuses, in bad faith, to pay a claim of its own insured. A closer examination of the New York Court of Appeals cases on which those decisions rely, however, reveals that the Court of Appeals has not recognized a separate cause of action for "bad faith," but rather has held that, where bad faith is sufficiently alleged in a breach of contract claim, consequential damages flowing from the bad faith breach can be recovered. For instance, in Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y., the New York Court of Appeals upheld

a claim for consequential breach of contract damages stemming from the collapse of a business following the insurer's failure to make timely adjustment and payment of claims under a business interruption insurance policy.  10 N.Y.3d 187, 195 (N.Y. 2008).  The court specifically stated that this outcome was "not to punish the insurer, but to give the insured its bargained-for benefit."  Id. at 195; see also Panasia Estates, Inc. v. Hudson Ins. Co., 10 N.Y.3d 200, 203 (N.Y. 2008) (affirming decision that an insured could recover foreseeable damages beyond the limits of its policy for breach of good faith covenant in insurance contract context).

In this case, the allegations contained within Fisk's First and Second Counterclaims are virtually identical and identify no wrong independent of Fisk's breach of contract claim.  Indeed, both counterclaims conclude with: "[a]s a direct, foreseeable and proximate result of United and/or its agent's breaches of its obligations under the Policy, Fisk has suffered and continues to suffer damages."  (Ans. and Counterclaims ¶¶ 84, 99 (emphasis added).)  The Second Counterclaim merely adds allegations that United Specialty acted in bad faith by, inter alia, "deliberately utilizing ambiguous language on its Insurance Application for the purpose of retaining the ability to challenge the Defendant's responses."  (Id. ¶ 88.)  This bad faith allegation could and should have been pled as part of the breach of contract claim.  See Woodhams, 748 F. Supp. 2d at 223 (an alleged breach of the implied covenant of good faith and fair dealing is part of a general contract claim and such allegations should have been pled under that claim).  Because the two counterclaims are essentially duplicative breach of contract claims but the Second Counterclaim is more comprehensive in its allegations, the Court will dismiss the First Counterclaim.

United Speciality's Motion to Strike Fisk's Ninth Affirmative Defense

United Specialty also moves to strike Fisk's Ninth Affirmative Defense, which claims that United Specialty "has acted in bad faith and is thus barred from recovery." (Ans. and Counterclaims ¶ 58.) Fisk has failed, in its opposition, to respond to this aspect of United Speciality's motion.

Federal Rule of Civil Procedure 8(b) requires that a party responding to a pleading "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike affirmative defenses are generally disfavored." Walsh v. City of New York, 585 F. Supp. 2d 555, 557 (S.D.N.Y. 2008) (internal quotation marks omitted); see also Coach, Inc. v. Kmart Corporations, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (motions to strike are generally disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense" (quoting Salcer v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated and remanded on other grounds, 478 U.S. 2015 (1986)). To prevail on a motion to strike: "(1) there may be no question of fact which might allow the defense to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed; and (3) the moving party must show that it is prejudiced by the inclusion of the defense." Tardif v. City of New York, 302 F.R.D. 31, 32 (S.D.N.Y. 2014) (internal quotation marks and citations omitted).

United Specialty asserts that the bad faith affirmative defense should be stricken because bad faith is not a defense to a claim for rescission or for a declaration regarding

contractual rights. Rescission, however, is an equitable remedy, and "[i]t is well established that a court of equity will not exercise its power in favor of a plaintiff whose actions show inequitable conduct or bad faith where the misconduct has a material relation to the equitable relief that plaintiff seeks." See Laugh Factory, Inc. v. Basciano, 608 F. Supp. 2d 549, 560 (S.D.N.Y. 2009) (citations omitted). On the current record, it is not clear that Fisk's allegations of bad faith conduct are unsupportable as a matter of fact or incapable of success as a matter of law insofar as they are asserted in opposition to United Specialty's claim for rescission. Accordingly, United Specialty's motion to strike Fisk's Ninth Affirmative Defense is denied.

United Specialty's Motion for Sanctions

United Specialty moved separately for the imposition of sanctions under Federal Rule of Civil Procedure 11(b) on Jean Claude Mazzola (Fisk's counsel) for Fisk's pursuit of the bad faith counterclaim (the Second Counterclaim) and bad faith affirmative defense (the Ninth Affirmative Defense).

Rule 11(b) provides, in pertinent part, that, by presenting to the court a pleading, written motion, or other paper, an attorney certifies to be best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).  When determining whether a Rule 11 violation has occurred, the Court uses an objective standard of reasonableness.  See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 73 F.3d 1253, 1257-58 (2d Cir. 1996).  Even if a district court concludes that a claim violates Rule 11, the decision to impose sanctions is within its discretion and should be made with caution.  See Perez v. Posse Comitatus, 373 F.3d 321, 324-25 (2d Cir. 2004).

United Specialty argues that, had Mazzola engaged in minimal legal research and analysis, he should have known that there is no legal basis for asserting a separate bad faith cause of action under New York law, and that he could not otherwise point to facts giving rise to an assertion of bad faith.

In its papers in support of the Rule 11 motion, United Specialty merely reiterates its arguments in support of its motion to dismiss the Second Counterclaim and Ninth Affirmative Defense.  Its arguments, while persuasive to the extent explained above, fail to demonstrate that Rule 11 motion practice was warranted here.  See Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments ("Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.  Nor should Rule 11 motions be prepared to emphasize the merits of a party's position . . . to intimate an adversary into withdrawing contentions that are fairly debatable . . . .")  Employing an objective standard of reasonableness, the Court does not find that Mazzola has raised frivolous factual or legal contentions, unsupported by existing law or potential evidence.  As evident from the discussion above, although the Court ultimately reached a contrary conclusion, it was not patently unreasonable for Mazzola to advance the argument that a  "bad

faith" cause of action could properly be asserted in addition to a general contract cause of action. Cf. Grinshpun v. Travelers Cas. Co. of Connecticut, No. 6702/2008, 2009 WL 1025747 (N.Y. Sup. Ct. Mar. 11, 2009); Chernish v. Massachusetts Mut. Life Ins. Co., No. 08 CV 0957, 2009 WL 385418 (N.D.N.Y. Feb. 10, 2009). And, while Fisk has failed to plead the specific factual contentions it now raises in its papers supporting its contentions as to United Specialty's bad faith, it is not clear that there is no likelihood of evidentiary support after a reasonable opportunity for further discovery. United Specialty's motion for sanctions is, accordingly, denied.

## CONCLUSION

United Specialty's motion to dismiss the duplicative breach of contract counterclaim is granted. Because the Second Counterclaim incorporates the allegations of the First Counterclaim, and adds bad faith allegations that could be relevant to relief, the Court hereby dismisses the First Counterclaim and permits prosecution of the Second Counterclaim insofar as it asserts a cause of action for breach of contract. United Specialty's motion to strike the Ninth Affirmative Defense is denied. United Specialty's motion for sanctions is denied. The parties are directed to meet with each other promptly do discuss settlement. A pre-trial conference in this case is set for June 3, 2016, at 10:00 a.m. The parties are directed to confer and make submissions in advance of the conference as provided in the Pre-trial Scheduling Order (docket entry no. 5.)

This Memorandum Opinion and Order resolves docket entry numbers 32 and 44.

SO ORDERED.

Dated: New York, New York
March 31, 2016

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge