UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

UNITED SPECIALTY INSURANCE COMPANY,

       Plaintiff,

  -v-                                           No.  15CV2802-LTS-JCF

FISK FINE ART SERVICES, LLC, et al.

       Defendants.

-------------------------------------------------------------- x

FISK FINE ART SERVICES, LLC,

       Third-Party Plaintiff,

  -v-

DEMETRIOU GENERAL AGENCY, INC., et al.

       Third-Party Defendants.

-------------------------------------------------------------- x

MEMORANDUM OPINION AND ORDER

In this declaratory action brought by United Specialty Insurance Company ("United Specialty" or "Plaintiff") against Fisk Fine Art Services, LLC ("Fisk" or "Defendant"), Fisk has brought third-party claims against Delta Insurance Agency Services, Inc. ("Delta"), Bobby Petsiavas, and Demetriou General Agency, Inc. ("Demetriou") (collectively the "Third-Party Defendants"), including three causes of action against Demetriou. Demetriou now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all three causes of action brought against it. The Court has supplemental jurisdiction of the third-party claims pursuant to 28

U.S.C. § 1367(a).

The Court has considered carefully all of the papers submitted by the parties.  For the reasons stated below, Demetriou's motion is granted.

BACKGROUND

A brief summary of facts relevant to this motion practice, drawn from the allegations contained in the operative Second Amended Third-Party Complaint ("SATPC," docket entry no. 90), and the insurance policy documentation under which Fisk seeks coverage, follows.

Fisk alleges that, at all relevant times, Fisk was and is a limited liability company organized and existing under the laws of the State of New York.  (SATPC ¶ 2.)  Delta was and is a licensed brokerage firm duly organized and existing under the laws of the State of New York that was acting as an insurance broker for Fisk (id. ¶¶ 4-5), and Bobby Petsiavas was an employee at Delta (id. ¶ 9).  In or around October 2012, Fisk contacted Delta through Bobby Petsiavas "for its specialized advice regarding the procurement of a commercial general liability policy."  (Id. ¶ 16.)

Fisk further alleges that, at all relevant times, United Specialty was an insurance company incorporated in the State of Delaware with its principal place of business in the State of Texas, and was licensed to sell insurance policies in New York, New York.  (Id. ¶ 52.) Demetriou was and is a business corporation duly organized and existing under the laws of the State of New York (id. ¶ 7) and, "[a]t all relevant times," "was and is an agent of United [Specialty]" (id. ¶ 8).  Demetriou "offered, solicited, inquired and sought to procure insurance for Fisk that would fully indemnify [Fisk] in the event of a claim brought against [Fisk] for

property damage in the conduct of its business." (Id. ¶ 42.) Fisk "accepted Demetriou's offer as aforesaid." (Id. ¶ 43.)

On or around October 12, 2012, "the Third-Party Defendants submitted Fisk's insurance application," and the Commercial Lines Insurance Policy at issue in this litigation, which was in effect from October 17, 2012, to October 17, 2013, was issued to Fisk. (Id. ¶ 17.) When this policy was about to expire, Fisk acquired a renewed Commercial Lines Insurance Policy from United Specialty, to be effective from October 16, 2013, to October 16, 2014. (Id. ¶ 22.) Fisk paid the applicable premiums for both policies to Delta, and "Demetriou was compensated for its services rendered out of the said premiums." (Id. ¶ 45.)

The Commercial Lines Policy documentation pursuant to which Fisk seeks coverage for the Underlying Action (the "Policy"), which is thus integral to the SATPC, bears the name of United Specialty Insurance Company on several pages, shows Demetriou's name on the cover page as the entity upon which "service of suit" may be made and as "Company Representative," and includes a "United Specialty Insurance Company Holder Privacy Statement" that opens as follows: "As a policyholder of United Specialty Insurance Company, you may remember that you purchased your United Specialty Insurance Company policy from an insurance agent. Please understand that the agent from whom you purchased your United Specialty Insurance Company policy is not affiliated with United Specialty Insurance Company, but rather is a separate legal entity." (See Decl. of John P. De Filippis, Ex. I. at ECF pp. 2-10, docket entry no. 100-10.)

While the Policy was allegedly in effect, one of Fisk's customers suffered property damage to a sculpture installed by Fisk, and later brought a recovery action through his insurance company against Fisk in New York State Supreme Court under Index No. 161770/14

(the "Underlying Action").  (SATPC ¶ 1; Am. Compl. ¶¶ 20-24.)  Fisk filed a claim with United Specialty, and United Specialty sued Fisk in this Court seeking, inter alia, a declaration that the coverage of the claim in the Underlying Action is precluded under the Policy's exclusions. (SATPC ¶¶ 46-47.)

In the SATPC, Fisk seeks indemnification and/or contribution from the Third-Party Defendants for any amounts Fisk may be required to pay in the Underlying Action.  (Id. ¶¶ 10-12.)  Fisk has brought three causes of action against Demetriou, all sounding in contract, claiming that Demetriou failed to properly procure required insurance coverage, improperly denied coverage for the Underlying Action and acted in bad faith in doing so.  Demetriou has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all three causes of action for failure to state a claim.

DISCUSSION

Standard of Review

When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all well-pleaded factual allegations contained within the complaint, and draws all reasonable inferences in favor of the non-moving party.  McCarthy v. Dun & Bradsheet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  In order to survive a motion to dismiss, the pleadings must allege sufficient "facts to state a claim to relief that is plausible on its face."  Bell Atl. v. Twombly, 550 U.S. 544, 547 (2007).  Courts will not accept as true a legal conclusion couched as a factual conclusion, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Fisk's First Cause of Action Based on Failure to Procure Coverage

In its first cause of action, Fisk alleges that Demetriou agreed to procure an insurance policy that would have fully indemnified Fisk in the Underlying Action, and that Demetriou breached its obligations and is liable to Fisk for any liability under the Underlying Action. To make out a viable claim for breach of contract under New York law, Fisk must allege facts indicative of (1) the formation of a contract between the parties, (2) adequate performance of the contract by one party, (3) breach of contract by the other party, and (4) damages. See Orlander v. Staples, Inc., 802 F.3d 289, 294 (2d Cir. 2015) (citation omitted). Demetriou now moves to dismiss Fisk's first cause of action, arguing that Fisk has failed to sufficiently plead the existence of a contract and a breach.

Under New York law, an insurance agent acts as an agent of an insurance company, while an insurance broker acts as a representative of the insured. N.Y. Ins. Law §§ 2101(a), (c); see also Am. Motorists Ins. Co. v. Salvatore, 476 N.Y.S.2d 897, 900 (App. Div. 1984) (citation omitted). At the same time, it is well established that both insurance agents and insurance brokers may be held liable to the insured based on breach of contract for failure to procure adequate insurance policy. Salvatore, 476 N.Y.S.2d at 900; see also Jual Const. Ltd. v. A.C. Edwards, Inc., 902 N.Y.S.2d 428, 428-29 (App. Div. 2010) (citation omitted) (holding that lower court properly denied insurance agent's motion for summary judgment to dismiss the breach of contract claim as a matter of law). To state a claim for breach of contract on the part of the insurance agent, the insured must show that a specific request was made to the agent for a certain type of coverage that was not provided in the policy. 5 Awnings Plus, Inc. v. Moses Ins. Grp., Inc., 970 N.Y.S.2d 158, 160 (App. Div. 2013) (citation omitted) (dismissing breach of contract claim against insurance agent when there was no specific request for relevant coverage);

see also Hersch v. DeWitt Stern Grp., Inc., 841 N.Y.S.2d 516, 517 (App. Div. 2007) (citation omitted) (upholding lower court's refusal to dismiss insured's breach of contract claim against insurance agent because there were triable issues as to whether the insured specifically requested additional coverage).

Fisk does not allege that it specifically requested that Demetriou procure coverage for the risk at issue here - property damage arising from art installation work - or that Demetriou offered to procure such coverage. Its general allegation that it accepted Demetriou's offer to obtain an insurance policy that would have covered a claim for property damage is insufficient to frame a cause of action for breach of contract against Demetriou based on failure of the property damage provisions of the contract that was procured to provide coverage for such damages arising from installation work. Fisk does not ever allege that it informed Demetriou that installation was a service that it provided. See 5 Awnings Plus, 970 N.Y.S.2d at 160-61 (holding request for "best policy value" insufficient to state a breach of contract cause of action); see also Chase's Cigar Store, Inc. v. Stam Agency, Inc., 722 N.Y.S.2d 320, 321 (App. Div. 2001) (upholding lower court's dismissal of insured's breach of contract claim against insurance agent because insured merely accepted insurance agent's general proposal of business owners insurance coverage without making more specific requests). Fisk's first cause of action will therefore be dismissed.

Fisk's Second Cause of Action Based on Denial of Coverage

In its second cause of action against Demetriou, Fisk alleges that Demetriou and United Specialty breached the Policy by improperly denying coverage to Fisk in the Underlying Action. (SATPC ¶¶ 69-73.) Demetriou argues that, as an insurance agent, Demetriou was not a

party to the Policy and was not in a position to provide or deny insurance coverage to Fisk.

Under New York law, when an agent enters into a contract on behalf of a disclosed principal, the agent is not personally liable under the contract in the absence of clear and explicit evidence of the agent's intention to be personally bound. Salzman Sign Co. v. Beck, 10 N.Y.2d 63, 66-67 (1961) (citation omitted). To overcome the presumption against an agent's personal liability, a party needs to show "clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." Savoy Record Co. v. Cardinal Exp. Corp., 15 N.Y.2d 1, 4 (1964) (citation omitted). A mere reference to the signature of the agent is not enough. Israel v. Chabra, 537 F.3d 86, 97 (2d Cir. 2008) (rejecting district court's finding that a corporate CEO's signature of his own name indicates his intention to be personally liable, absent explicit evidence of the CEO's intention to be bound); see also I. Kaszirer Diamonds, Ltd. v. Zohar Creations, Ltd., 536 N.Y.S.2d 449, 450 (App. Div. 1989) (affirming judgment below for holding that an agent to a contract cannot be held personally liable even if the agent has signed its own name instead of the name of the principal, as long as the other party was aware of the agency relationship).

In this case, Fisk acknowledges and alleges that "[a]t all relevant times, Demetriou was and is an agent of United." (SATPC ¶ 8.) The Policy itself, which Fisk relies on in the SATPC to assert the denial of coverage claim (id. ¶¶ 59-61), states that the insured is "a policyholder of United Specialty Insurance Company." (Decl. of John P. De Filippis, Ex. I. at ECF p. 10, docket entry no. 100-10.) Demetriou's company name also appears on the Policy, but only under a "Service of Suit" designation and under the title of "company representative"; such references are insufficient to support any reasonable inference that Demetriou intended to be personally bound as an insurer. (Id. at ECF p. 3.) Further, on the page designated "Policy

Changes," "United Specialty Insurance Company" is listed as the "company," while "Demetriou General Agency" is listed as the "authorized representative."  (Id. at ECF p. 58.)  Thus, Fisk has not alleged any facts that give rise to a reasonable inference that Demetriou intended to be personally liable for providing insurance under the Policy.

Fisk nonetheless argues that, based on the allegations in the SATPC, it could be reasonably inferred that Demetriou was acting as a Managing General Agent ("MGA"), which is a special type of insurance agent that is authorized to perform certain functions that are ordinarily handled only by insurers.  Under New York insurance law, an MGA "acts as an insurance agent as defined in section 2101(a) of the Insurance Law," N.Y. Comp. Codes R. & Regs. tit. 11, § 33.2, and section 2101(a) of the Insurance Law defines an "insurance agent" as "any authorized or acknowledged agent of an insurer."  N.Y. Ins. Law § 2101(a).  An MGA is thus simply another type of insurance agent in the context of insurance law.  In the absence of facts demonstrating the agent's intention to be personally liable, the mere possibility that Demetriou may have functioned as an MGA is insufficient to support a claim against it for insurance coverage.  Because Fisk has failed to allege plausibly a basis for holding Demetriou liable as an insurance provider under the Policy, Fisk's second cause of action will be dismissed.

Fisk's Third Cause of Action Based on Denial of Coverage and Bad Faith

Fisk's third cause of action against Demetriou is also a breach of contract claim under the Policy, but includes an allegation of "bad faith" on the part of Demetriou.  Fisk alleges that as an insurer and a party under the Policy, Demetriou has acted in bad faith by unreasonably denying Fisk coverage in the Underlying Action.  (SATPC ¶ 80.)  Here, the bad faith claim is based on the same theory and underlying facts as the denial of coverage claim (see id. ¶¶ 78-87),

and fails for the same reasons.

## CONCLUSION

For the foregoing reasons, Demetriou's motion to dismiss Fisk's Second Amended Third-Party Complaint is granted. The Second Amended Third-Party Complaint is dismissed as against Demetriou in its entirety. This Memorandum Opinion and Order resolves Docket Entry Number 109. The case remains referred to Magistrate Judge Francis for general pretrial management.

SO ORDERED.

Dated: New York, New York
April 4, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge